# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5133 | **DATE** | 1/3/2001 |
| **CASE TITLE** | United States of America vs. American National Can Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. On July 31, 2000, we entered summary judgment for the defendant and it now moves for an award of attorneys' fees. That motion is granted. The parties shall follow the procedures provided in Local Rule 54.3.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JAN - 5 2001 date docketed | 59 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | 01 JAN -4 AM 10:03 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN - 5 2001

| | |
|---|---|
| UNITED STATES OF AMERICA, | )
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 98 C 5133 |
| | ) |
| AMERICAN NATIONAL CAN CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On July 31, 2000, we entered summary judgment for the defendant and it now moves for an award of attorneys' fees. That motion is granted.

The government brought this action on behalf of the Environmental Protection Agency (EPA) against American National Can Company (ANC), alleging violations of the Clean Air Act (CAA), 42 U.S.C. §7401, *et seq.*, and federal asbestos regulations, 40 C.F.R. §61.140 *et seq.* The government claimed that for a period of at least several months scavengers stripped and removed asbestos from pipes and other components in an effort to salvage metal at a vacant building owned by ANC. The government argued that this activity constituted a "renovation," as that term is defined by the asbestos regulations, triggering federally-mandated notice and work practice standards related to the handling of asbestos during renovation. The government claimed that ANC failed to adhere to those requirements and therefore was strictly liable for civil penalties.

The CAA, 42 U.S.C. §7413(B)(3), provides as follows:

> In the case of any action brought by the Administrator under this subsection, the court may award costs of litigation (including reasonable attorney and expert witness fees) to the party or parties against whom such action was



brought if the court finds that such action was unreasonable.

The purpose of §413(b)(3) is stated in H.R.Rep. No. 1175, 94th Cong., 2d Sess. 277 and n.8 (1976), reprinted in 7A Legislative History of the Clean Air Act Amendments of 1978:

> In the case of enforcement actions by the Administrator, the purpose of the provision is to provide protection for parties against wholly unwarranted enforcement actions by the Administrator and to restrain the Administrator from over-zealous enforcements.[8]
>
> [8]Of course, by using the term "unreasonable," the Committee did not intend to cover every enforcement action in which the defendant prevails. Nor is this amendment intended to permit the court to substitute its judgment for that of the Agency as to the propriety of filing suit. Only if the bringing of the action as arbitrary, capricious, frivolous, harassing, or wholly without basis in fact or law should the courts consider such an action "unreasonable."

The Ninth Circuit has equated "unreasonable" with the not "substantially justified" standard of the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A). See United States v. Trident Seafoods Corp., 92 F.3d 855, 861 (9th Cir. 1996), cert. denied, 519 U.S. 1109 (1997). We think the legislative history establishes a threshold somewhat higher than "not substantially justified." Nor do we conclude that the action was arbitrary, capricious, frivolous or harassing. The Agency, once dismissing vandalism as not of sufficient impact to warrant administrative action, apparently changed its mind. Rather than amend its regulations, it attempted to short-circuit the process by reinterpreting "renovation" in hopes that a court would sufficiently defer. The case it selected was not one where urgent action was imperative; the facility had long since been demolished. Plaintiff sought maximum damages over $1,400,000, and that was its settlement position even though defendant had made efforts to secure the facility, albeit unsuccessfully, during the relevant period. Perhaps that was because the EPA was interested not in resolving a dispute or prompting remedial action but in obtaining a favorable ruling on a legal issue.

Defendant was the laboratory rat for that experiment. Should it have to bear the

expense of that failed effort? We think not. The plaintiff's interpretation of its own regulations could not survive even a highly deferential <u>Chevron</u> analysis. As we said in our July 31, 2000 opinion, "We are presented here with one of those unusual cases in which an agency's interpretation of its own regulation cannot survive judicial review. The EPA construes the term 'renovation' to include unauthorized scavenging. The overwhelming evidence related to the asbestos NESHAP indicates that the EPA is wrong." That translates into administrative action wholly without basis in fact or law, and such an action is unreasonable.

The parties shall follow the procedures provided in Local Rule 54.3.

JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 3, 2001.